IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUGOSLAV REDZIC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 15 C 3841 |
| | ) |
| JEH JOHNSON, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss. On July 21, 2006, Plaintiff Jugoslav Redzic (Redzic) filed a Form I-360 seeking a visa. On July 1, 2011, the U.S. Citizenship and Immigration Services (USCIS) denied Redzic's Form I-360. Redzic filed an appeal and on February 28, 2012, the Administrative Appeals Office (AAO) denied the appeal. On March 28, 2014, Redzic filed a motion to reopen and reconsider the denial, and the AAO denied the motion on February 5, 2015. Redzic then brought the instant action pursuant to the Administrative Procedure Act, seeking review of a final decision of the AAO. Redzic also seeks a declaratory judgment stating that USCIS's actions were arbitrary, capricious, and in violation of the law. In addition, Redzic seeks a remand to USCIS, an order to USCIS to reverse its decision, and an injunction staying any removal proceedings.

1

Defendants move to dismiss the instant action, contending that this court lacks subject matter jurisdiction.

I. Review of USCIS and AAO Decisions

Defendants argue that this court lacks jurisdiction to review the discretionary determinations made by USCIS and the AAO. Pursuant to 5 U.S.C. § 702, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." *Id.* However, pursuant to 5 U.S.C. § 701(a), such review is not accorded when an "agency action is committed to agency discretion by law." *Id.*

The record reflects that USCIS determined that Redzic had failed to show that his ex-wife subjected him to battery or extreme mental cruelty and that Redzic had failed to show that he entered into the marriage in good faith. (Compl. Par. 22); (DE 1-1). The Seventh Circuit has held that "the cruelty determination is discretionary, and" not subject to judicial review. *Stepanovic v. Filip*, 554 F.3d 673, 680 (7th Cir. 2009). Although *Stepanovic* involved a cancellation of removal, and not an application for a visa as in the instant action, 554 F.3d at 676, *Stepanovic* and this case both involved the same factual determination as to whether the applicant was subjected to extreme cruelty. The Seventh Circuit indicated that "a discretionary determination is one involving a judgment call by the agency, or for which there is no algorithm on which review may be based." *Stepanovic*, 554 F.3d at 689. That is exactly the type of decision that USCIS was faced with in this case in making its

2

determination as to extreme mental cruelty. Redzic has cited no controlling precedent that is on point that establishes that USCIS's determination in this case was a non-discretionary determination. Furthermore, Redzic is seeking classification under 8 U.S.C. § 1154(a)(1)(A)(iii)(1)(bb) as the spouse of a citizen of the United States who has been the subject of extreme cruelty by the citizen spouse. Pursuant to 8 U.S.C. § 1154(a)(J), in acting on a petition such as the one filed, the Attorney General shall consider any credible evidence relevant to the petition, but the determination of what evidence is credible and the weight to be given to that evidence is withing the sole discretion of the Attorney General (now the Secretary of Homeland Security through USCIS). Therefore, the discretionary determination of USCIS that Redzic is complaining about is not reviewable.

In addition, in § 1252(a) (2)(B), Congress has provided that certain matters are not subject to judicial review. The language in § 1252(a) (2)(B) reads as follows:

> (B) Denials of discretionary relief
> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) [(Asylum) ] of this title.

8 U.S.C. § 1252(a)(2)(B)(i) & (ii); *see also Ogbolumani v. U.S. Citizenship & Immigration Servs.*, 523 F. Supp. 2d 864, 870-71 (N.D. Ill. 2007); *Lakhani v. U.S.*

3

*Citizenship & Immigration Servs.*, 817 F. Supp. 2d 390, 391 (D. Vt. 2011)(citing *Ruiz v. Mukasey*, 552 F.3d 269, 276 n.5 (2d Cir.2009) for the proposition that battered spouse petitions involve agency discretion, and thus preclude judicial review).

Defendants also argue that to the extent that Redzic challenges USCIS's application of the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq.*, Defendants correctly point out that Redzic does not allege facts that suggest that the AAO misunderstood or misapplied the immigration statute and associated regulations regarding what constituted extreme mental cruelty. Thus, Redzic has failed to allege sufficient facts to support a claim on that basis.

Therefore, based on the above, Redzic has failed to assert an error of law and in addition, this court lacks jurisdiction to review the discretionary determination of the USCIS.

II. Injunctive Relief Enjoining Removal

Defendants argue that this court lacks jurisdiction to enjoin the removal proceedings. Redzic contends that if this court has jurisdiction under the APA or other statute to review the denial of a visa petition, the court has jurisdiction to enjoin removal proceedings. (Resp. 6). Pursuant to 8 U.S.C.§ 1252(g):

> [e]xcept as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien

4

arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

*Id.*; *see also Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 475 (1999)(explaining the jurisdictional limitations placed upon district courts in regard to removal proceedings). Thus, this court lacks jurisdiction to consider Redzic's request to enjoin his removal. Based on the above, Defendants' motion to dismiss is granted in its entirety.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 22, 2016

5